UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LLOYD MONK PATTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-02-ART |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH MEKO, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\***

## I.     Introduction

On January 5, 2009, the Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction of first-degree rape in Magoffin Circuit Court.  R. 1.  The Respondent filed a motion to dismiss, R. 6, and the Petitioner filed a response, R. 8.  On May 11, 2009, the Magistrate Judge issued a report and recommendation, R. 12, recommending that the Court dismiss the Petitioner's writ of habeas corpus and grant the Respondent's motion to dismiss. The Magistrate Judge's report concluded that the Petitioner did not file the habeas petition within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) (hereinafter "AEDPA").  R. 12 at 2.  The Magistrate Judge's report also concluded that the Petitioner was not entitled to equitable tolling of the statute of limitations under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) and *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004).  R.12 at 4.  Thereafter, on May 21, 2009, the Petitioner filed objections to the Magistrate Judge's report.  R. 13.  For the following reasons, this Court overrules the Petitioner's objections and adopts the Magistrate Judge's report in its entirety dismissing the Petitioner's writ of habeas corpus.

## II.     Consideration of Magistrate Judge's Report and Petitioner's Objections

"In ruling on a motion to dismiss, the allegations in a pro se petition must be taken as true and are liberally construed in favor of the petitioner." *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983)).

### A.     Statute of Limitations

The Magistrate Judge correctly applied the statute of limitations in this case.  The Petitioner waived his right to appeal this issue by not objecting to this part of the Magistrate Judge's report. *See Frontier Ins. Co. v. Blaty,* 454 F.3d 590, 596-97 (6th Cir. 2006) (quoting *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)); Fed. R. Civ. P. 72(b).

Under the AEDPA provision applicable in this case, the statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The Petitioner was convicted of first-degree rape following a jury trial in Magoffin Circuit Court and was sentenced to ten years in prison on March 3, 2005. R. 1 at 1.  The Petitioner's conviction was affirmed by the Kentucky Court of Appeals on January 5, 2007. R. 6 at 1.  The Petitioner did not file a motion for discretionary review before the Kentucky Supreme Court. R. 1 at 2.  The Kentucky Rules of Civil Procedure provide that a petitioner has thirty days from the entry of the judgement of the Kentucky Court of Appeals to file a motion for discretionary review before the Kentucky Supreme Court. *See* Ky. R. Civ. P. 76.20(2)(b).  The Kentucky thirty-day clock starts to run the day after the entry of judgment. Ky. R. Civ. P. 6.01;  Ky. R. Crim. P. 1.10(a).  Applying these rules to this case, the Petitioner's conviction became final on February 6, 2007.  The federal clock started to run the day after the "day of the act, event, or default that begins the period." Fed. R. Civ. P. 6(a)(1).  Thus, the one year

2

statute of limitations under the AEDPA began to run on February 7, 2007, the day after the Petitioner's conviction was final.  Applying the one year statute of limitations under the AEDPA, the Petitioner had until February 7, 2008 to file his habeas petition in federal court.

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp 254, 250 (S.D.N.Y. 1998)).  The Petitioner did not file any motions in this case until after the statute of limitations expired on February 7, 2008.  On April 24, 2008, he filed a motion to vacate his conviction in Magoffin Circuit Court, R. 6 at 1.  That motion was denied by the Magoffin Circuit Court.  R. 11 at 1.  The Kentucky Court of Appeals affirmed the decision on February 11, 2009, because the Petitioner failed to file a timely response.  R. 11, Ex. A.  The habeas petition pending before the Court was filed on January 5, 2009, well outside the statute of limitations that expired on February 7, 2008 pursuant to the AEDPA.

## B.    Equitable Tolling

The Magistrate Judge correctly determined that equitable tolling does not apply in this case. The Petitioner objects to this part of the Magistrate Judge's report and claims that equitable tolling should apply on two grounds.  First, the Petitioner claims that he has a "history of mental illnesses" and is "mentally impaired."  R. 13 at 2.  Second, the Petitioner cites his "abandonment by counsel" and the "lack of professional inmate legal aide services" as reasons in support of equitable tolling. *Id*.  He also claims that the "inmate legal services are extremely poor."  R. 13 at 1.  Even though the

3

Petitioner's claims are construed liberally by this Court, the Petitioner's objections are overruled.

The one-year statute of limitations under the AEDPA is not jurisdictional, and is subject to equitable tolling in appropriate circumstances. *Allen,* 366 F.3d at 401. Under the AEDPA, a court considering whether equitable tolling is appropriate must consider the following factors:

(1)  the petitioner's lack of notice of the filing requirement;

(2)  the petitioner's lack of constructive knowledge of the filing requirement;

(3)  diligence in pursuing one's rights;

(4)  absence of prejudice to the respondent; and

(5)  the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (2001)). Also, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Id*. (quoting *Vroman,* 346 F.3d at 605). Equitable tolling should "be applied sparingly." *Dunlap*, 250 F.3d at 1008. A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citations omitted).

The Petitioner's objection based on his claim of mental illness is overruled because the Petitioner has not made a threshold showing of evidence to establish his mental illness. "Mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations" in an AEDPA case. *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008). However, "mental incompetence is not a per se reason to toll a statute of limitations." *Id*. (citing *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001)). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence

4

affected her ability to file a timely habeas petition." *Id.* (citing *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003)). The first time the Petitioner informed the Court of his alleged mental illness was in his response to the Magistrate Judge's report. R. 13. The Petitioner did not mention his mental illness in his original habeas petition even though the petition form contains a section that specifically requests the Petitioner to state the reasons for his failure to file a timely appeal. R 1 at 13. In his response to the Magistrate Judge's report, the Petitioner did not produce any medical records showing his mental illness or offer any other evidence related to his mental health. Further, the Petitioner has not introduced any evidence related to how his alleged mental illness affected his ability to file a habeas petition within the one-year statute of limitations. Consequently, he cannot avail himself of equitable tolling on this ground.

The Petitioner's second argument that he did not have access to counsel is also without merit. A prisoner filing a habeas petition in federal court does not have a right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that there is no constitutional right to counsel in mounting collateral attacks on convictions). "[C]laims that a petitioner did not have professional legal assistance are also not an extraordinary circumstance which would toll the statute of limitations." *Wilson v. Birkett*, 192 F. Supp.2d 763, 766 (E.D. Mich. 2002) (citing *Henderson v. Johnson*, 1 F. Supp 2d 650, 656 (N.D. Tex. 1998)). Thus, the Petitioner's claim that he did not have the advice of counsel has no effect on the statute of limitations in this case.

The Petitioner also argues that the legal aid services in his prison are inadequate. In *Colwell v. Tanner*, 79 F. App'x 89 (6th Cir. 2003), the Sixth Circuit addressed the issue of adequacy of legal resources for a blind prisoner that failed to meet AEDPA's statute of limitations deadline for his habeas petition. In that case, the Court held "even if the lack of resources for the visually impaired

5

could constitute an impediment, [petitioner] has not demonstrated that it caused him to file his petition late." *Id.* at 93.  Similarly, the Petitioner has failed to show both that the prison resources are inadequate and that this alleged inadequacy caused him to file his habeas petition late.  The Petitioner did not include any evidence on this matter.  Thus, the Petitioner has not met the burden of showing that the legal resources available to him are an extraordinary circumstance that would justify tolling the AEDPA's one year statute of limitations.

### C.    Actual Innocence

The Magistrate Judge did not reach the merits of Petitioner's claims because he concluded that they were barred by the AEDPA's statue of limitations.  However, a claim of "actual innocence" can also result in the equitable tolling of the AEDPA's statute of limitations.  *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).  To make this showing the Petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  The Supreme Court described the type of evidence that could support a claim of actual innocence as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324.

The Petitioner claims in his habeas petition that he was denied a right to a fair trial, that he participated in "consental [sic] sex," and that evidence in his case was "falsified." R. 1 at 5-8.  The Court construes his second claim, that he had consensual sex with the victim, as a claim of actual innocence meaning that he was not guilty of the crime of rape for which he was convicted.  The Petitioner claims that he had evidence that he offered to pay the victim $40 for sex and that she accused him of rape after he only paid her $20.  R. 1 at 6.

6

Even construing this claim liberally, his claim is not "new evidence" because the Petitioner's own knowledge of the crime of which he was accused is not newly discovered evidence. Here, this case is distinguishable from the few cases where courts have held a claim of actual innocence should equitably toll the AEDPA's statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 591-92 (6th Cir. 2005) (holding that the Petitioner convicted of second-degree murder was entitled to equitable tolling based on the prosecution's main witnesses later recanting their trial testimony, the discovery of photos of the victim's body that were unavailable at trial that rebutted witness testimony, and other new evidence). In this case, the evidence–the Petitioner's own knowledge–was available to the Petitioner during the jury trial and during his direct appeal to the Kentucky Court of Appeals. Therefore, the Petitioner has failed to show that his claim of "actual innocence" should equitably toll the statute of limitations. Further, even if this evidence was newly discovered, it is not so overwhelming that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McCray,* 499 F.3d at 571.

### III.   CONCLUSION

Petitioner's objections are without merit and the Magistrate's Judge's report should be adopted in full.  Petitioner has failed to meet his burden of showing that he is entitled to equitable tolling.  Petitioner's failure to adhere to the AEDPA's statute of limitations shows that he has not pursued his rights diligently.  *Pace,* 544 U.S. at 418.  Petitioner has also failed to show that an extraordinary circumstance justifies equitable tolling in this case.  *Id.*

Accordingly, it is **ORDERED** as follows:

(1)    The Respondent's motion to dismiss, R. 6, is **GRANTED**.

(2)    For the reasons stated in this memorandum opinion and order, the Magistrate Judge's report and recommendation, R. 12, is **ADOPTED** as the opinion of the court.

(3)    The judgment shall be entered concurrently to this order.

This the 24th of June, 2009.

**Signed By:**

**_Amul R. Thapar_** AT

**United States District Judge**

8